By the Court.
Woodruff, J.
—1. If this case were submitted to us upon the testimony reduced to writing, and we were to determine the facts, in the first instance, according to the impressions produced upon our minds by that testimony in connection with the undisputed facts, we should hesitate before arriving at the conclusion that the plaintiff in this action suffered a year and seven months to elapse (from March 20th, 1855, till after October, 1856,) without knowing what had been done with his twenty shares of stock. And that he was frequently in the defendant’s office, as testified without denial, without learning something of the operations which the defendant was making for his benefit, or on the other hand, if he was denied such information as he had a right to require, that he would have waited, quietly, nearly two years without taking measures to assert his right to his stock or its proceeds. And we might, perhaps, infer that he was aware of the transactions of the defendant and acquiesced therein in expectation of profits, and that his present claim is rather the consequence of his disappointment at the result than a sense of what he is justly entitled to receive from the defendant.
But even if it seemed to us upon the reading of the testimony that the account given by the defendant of his transactions and of the plaintiff’s authority and assent thereto would have obtained credence with us, and in connection with other facts have led our minds to a result other than the referee has reached, it does not follow that we can reverse the judgment upon this ground. The testimony of the plaintiff and that given by the defendant were in direct conflict, and the preponderance of the testimony on either side is not such as to warrant a presumption that the finding of the referee is not the conviction of an upright mind, uninfluenced by any consideration that is foreign to the case, or that his findings were the result of any mistake, or qf any error in the application of the rules of law to the evidence. In such case it is settled that the report of a referee cannot be set aside. He has the witnesses before him. He not only hears their *527 words, but observes their manner of testifying. He may have been conscious of reasons for doubting the accuracy of the defendant’s testimony, which do not and cannot appear upon the printed case. Under such circumstances his report upon the facts must conclude us; it stands as the verdict of a jury. What are now urged upon our minds, as the “probabilities of the case ” were the proper subjects of consideration by him, but we are not in a situation to say that he ought not, nevertheless, to have credited the plaintiff, and been guided by the conviction which the whole testimony produced in his mind.
2. It is next insisted that the account, which the defendant rendered and which the plaintiff admitted he received from the defendant, became a settled account and conclusive upon the plaintiff and that the referee should have so treated it.
The imperfection in this claim on the part of the defendant is two-fold.
First. It does not appear by the evidence when the account was rendered and received. The defendant testifies that it was subsequent to the 16th of October, 1856, and before this suit was commenced. It does not appear that it was received and acquiesced in, in such wise, or for so long a time as to raise a presumption of assent to its correctness.
Second. The conduct of the plaintiff excludes any idea of acquiescence which could give the account the force of an account stated between the parties. When, before the account was rendered, the amount of the alleged balance was stated to him, he refused to accept it. After the account was rendered, he called and demanded the “ 20 shares of stock at $46.00,” which we must understand to mean the proceeds of 20 shares at that rate. The precise dates of these transactions are none of them stated, but surely here is nothing that imports assent by the plaintiff to the correctness of the account.
3. It is claimed that the plaintiff has failed to prove his cause of action, in its entire scope and meaning. That the discrepancy between the case made by his complaint, is therefore not a case of variance, but a failure of proof. (Code, § 171.)
The case stands thus, the plaintiff alleges that on the 27th day of September, 1854, he left 20 shares of stock with the defendant to be sold at not less than 46 per cent of its par value. *528 That the defendant sold it at not less .than 46 per cent, and refuses to pay the proceeds to the plaintiff.
The proofs established to the satisfaction of the referee, that on the 27th September, 1854, the plaintiff did leave the 20 shares with the defendant, to be sold at not less' than 46 per. cent. ; That they were sold at not less than that price. That the proceeds were invested in 20 shares of. stock, and they were sold at not less than 46, per cent. That the proceeds were, again invested in'20 shares of stock, and they were then sold^at not less than 46 per cent. The" proof showed-that this last sale was at 48 per cent,. or; .according, to the defendant’s account, 48£, and was made and its proceeds received on the 20th .of March, 1855, at which rate the. sale yielded the sum of $965, after deducting the defendant’s brokerage.
That the subsequent reinvestment of those proceeds .was without the authority or sanction of the plaintiff.
■ It. is .therefore literally true that the defendant sold 20’ shares of stock belonging to the plaintiff, and received therefor a sum even larger than the referee has allowed to the plaintiff." They were left by the plaintiff in his hands to be sold. The discrepancy between the plaintiff’s complaint and the proofs, is in assigning a wrong date to the receipt of the particular stock, the proceeds of which remained in the defendant’s hands. This we think is clearly,, at the most, a variance, and one which'could and ought to.be disregarded. Before the Code, -the time at which-it was alleged-, in a declaration, moneys were had and .received, or a trespass was committed, were not in general material. • And we have, made small advance in our endeavor to. make-rules for the administration of justice, that shall secure what is right without being hindered by mere errors of form, if this judgment must be reversed because the plaintiff alleged that the .defendant received the 20 shares on the 27th of September, instead of alleging that he received them on the. 17th of February; when in fact it, was purchased for .the ..plaintiff The discrepancy did not mislead the defendant. His answer disclosed the fact of the reinvestment of the proceeds of-the first 20 shares; and his own testimony gave the dates of the successive sales.
Besides there is a sense in which it is literally true, that the moneys received on the sale of the 20th of March, were the *529 proceeds of the stock left with the defendant for sale at not less than 46 per cent on the 27th of the previous September. The proceeds had been through several transactions of buying and selling, but they were the ultimate proceeds of the original 20 shares. Not literally and technically the immediate proceeds; but in substance the growth or produce of those twenty shares.
We do not perceive that there is any occasion to regard the plaintiff’s claim under the proofs, as a title to recover for a wrongful appropriation of the plaintiff’s stock. The sale of the 20th of March was, as both parties agree, with the authority and consent of the plaintiff, and the proceeds were received by the defendant. It is the employment of the money in transactions not authorized by the plaintiff, and the refhsal to pay the money to the plaintiff, in which alone the defendant violated the plaintiff’s rights.
We feel constrained to say that the variance, if any, was not material, since it could not have misled the defendant to his prejudice. (Code, § 169.) And that it was not a failure by the plaintiff .to prove his allegations in their entire scope and meaning. He sued to recover the proceeds of 20 shares of stock in the New York & Erie Railroad Company, left in his hands by the plaintiff to be sold at a price not less than 46 per cent. And he has recovered for just such proceeds, and on those grounds. The other details seem to us plainly to be particulars only, and particulars which do not affect the cause of action in its essential character nor alter the entire scope and meaning of the plaintiff’s allegations.
We do not discover why the referee selected the first day of • May, 1856, as the day from which to compute and allow interest to the plaintiff, but no point is made by either party on that subject nor has it been claimed that the referee erred in that particular.
Our conclusion is that the judgment must be affirmed. We do not think it necessary to consider in detail the conclusions of law or reasons which are stated as such conclusions, by which the referee arrived at his ultimate legal conclusion, it is sufficient to say that his final report by which judgment was awarded to the plaintiff, and therefore the judgment itself must be affirmed.
Judgment affirmed, with costs.